[S. F. No. 4568.    In Bank.—April 28, 1908.]

## MARY J. RYAN, Appellant, v. NORTH ALASKA SALMON COMPANY, Respondent.

NEGLIGENCE CAUSING DEATH—LAW OF FOREIGN STATE—TRANSITORY ACTION.—A cause of action to recover for a death occasioned by negligence, created by the statutes of another state, or of the United States, is transitory in its nature, and may be enforced in this state, but only for the purpose and upon the terms permitted by the *lex loci.*

ID.—ACTION IN THIS STATE—FOREIGN LAW MUST BE PLEADED AND PROVED.—As at common law there was no right of action for an injury causing death, and as the courts of this state do not take judicial notice of the laws of foreign states, it is necessary for the plaintiff, in an action in this state to recover for an injury causing death in a foreign state, to allege and prove the law of such foreign state giving a right of action for the death.

ID.—RIGHT OF PLAINTIFF TO SUE.—In such an action, the law of the foreign state must be pleaded not only to show that in that forum there existed the right of action sued upon, but also to show that the action is brought by the person in whom, under the laws of the foreign jurisdiction, the right of action is vested.

ID.—LAWS OF FOREIGN STATE CONTAINED IN BRIEFS.—The presentation of the laws of the foreign state in the briefs of counsel cannot on appeal be considered the equivalent of a presentation of them in evidence.

ID.—DISMISSAL OF ACTION—REFUSING LEAVE TO AMEND—HARMLESS IRREGULARITY.—The ordering such action dismissed without leave to amend, upon sustaining a demurrer to the complaint for want of sufficient facts to constitute a cause of action, although technically erroneous, will not warrant a reversal on appeal, when it is apparent that the plaintiff, under the law of the foreign state, could not amend so as to state a cause of action. In such case the irregularity is without injury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Frank Schilling, for Appellant.

C. H. Wilson, for Respondent.

McFARLAND, J.—The complaint charged that Orion F. Ryan met his death in the territory of Alaska through the negligence of the defendant company by which he was employed. Plaintiff sues to recover damages for the death so occasioned, not as the personal representative, but as his mother and sole surviving heir. (Code Civ. Proc., sec. 377.) The complaint is silent as to the laws of the territory of Alaska, and defendant's general demurrer for lack of facts was sustained by the court without leave to amend, and the action was accordingly dismissed.

The demurrer was properly sustained. Where the action, as here, is transitory in its nature, a right or liability imposed by the statute of another state, or of the United States, may in proper cases be asserted and enforced in this state. Such may be taken to be the settled rule since the case of *Dennick* v. *Railway*, 103 U. S. 11. But the courts of this state will only entertain such an action for the purpose and upon the terms permitted by the *lex loci*. In other words, the right to prosecute this action in California is permissible only if permissible under the laws of Alaska, and only upon such terms as the laws of Alaska prescribe. And, as at common law there was no right of action for an injury causing death, and as the courts of this state do not take judicial notice of the laws of foreign states, it is necessary for the plaintiff to plead and prove such law. Thus it is said in *Wickersham* v. *Johnston*, 104 Cal. 407, [43 Am. St. Rep. 118, 38 Pac. 89], quoting from *Liverpool Co.* v. *Phenix Ins. Co.*, 129 U. S. 445, [9 Sup. Ct. 469] : "The law of Great Britain since the Declaration of Independence is the law of a foreign country, and, like any other foreign law, is matter of fact, which the courts of this country cannot be presumed to be acquainted with, or to have judicial knowledge of, unless it is pleaded and proved." "There being no right of action at common law for an injury causing death, the plaintiff in such an action must specifically aver and prove that the laws of the state where the injury occurred permit such an action." (8 Am. & Eng. Ency. of Law, p. 880; 13 Cyc. 345.)

But it is equally well settled that not only must the law of the foreign state be pleaded to show that in that forum there existed the right of action sued upon, but also it must be pleaded to show that the action is brought by the person in

whom, under the laws of the foreign jurisdiction, the right of action is vested, and this because, as is said in *Dennick* v. *Railway*, 103 U. S. 11, where this subject is considered, the court which renders the judgment can only do so by virtue of the foreign statute. Generally that power is given to the personal representative of the deceased. The laws of this state are broader in this respect, and confer the same right upon the heirs or next of kin of the deceased. But the right conferred by our statute can be exercised only where the cause of action has arisen within the jurisdiction of this state, and not in cases such as this, where the measure of the right and the form of procedure are those dictated by a foreign statute. It would follow, therefore, that if the right to prosecute an action such as this is limited by the laws of the territory of Alaska to the personal representative of the deceased alone, such personal representative only could prosecute the action in this state. In the briefs of counsel for respondent the laws of the territory of Alaska are set forth and it is made to appear that it is the personal representative only who may maintain such an action, and the existence of this law is urged upon this court as a reason in justification of the trial court's ruling dismissing the action. But neither the trial court nor this court takes judicial notice of those laws, and the presentation of them in the brief of counsel cannot be considered the equivalent of a presentation of them by pleading or in evidence. So far then, as this court can judicially know, it may be that the laws of the territory of Alaska will permit the prosecution of an action in the form here adopted and countenanced by the code of this state. In this view, it may be said that technically the trial court fell into error in ordering the action dismissed. But, upon the other hand, plaintiff did not ask leave to amend —probably for the reason that, in the situation of the law, she could not successfully amend. And upon this appeal her counsel does not contend that, by any amendment, he could have obviated the difficulty. The most that can be said, then, as to appellant's rights, is that the irregularity was one without injury, and that an appellate court will in every such case sustain the action of the court below, whatever course it may take, unless it is made to appear by the record that there has been an abuse of discretion. whereby injury has resulted. (*Stewart* v. *Douglass*, 148 Cal. 512, 83 Pac. 699.)

The judgment appealed from is, therefore, affirmed.

Henshaw, J., Shaw, J., Angellotti, J., Lorigan, J., and Sloss, J., concurred.