[S. F. No. 10816. In Bank.—August 25, 1924.]

# E. B. ENGEL, Appellant, v. J. O. DAVENPORT et al., Respondents.

[1] ADMIRALTY — MERCHANT MARINE ACT — CONSTRUCTION — VENUE —JURISDICTION—PRESUMPTIONS.—If section 33 of the Merchant Marine Act (41 Stats. at Large, 1007), relating to actions for damages for personal injury suffered by seamen and providing in part that "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located," merely defines the "venue" of an action, the theory that such provision conferred "jurisdiction" upon a particular court is no longer tenable; and in the absence of any other provision purporting to divest of jurisdiction those courts, both state and federal, which, prior to the enactment of the Merchant Marine Act, had jurisdiction of such actions, such jurisdiction may be presumed to continue.

[2] ID. — PERSONAL INJURIES TO SEAMEN — JURISDICTION OF STATE COURTS.—The state courts have always had the right to enforce rights of action for personal injuries to seamen arising under maritime transactions, including those arising out of maritime torts, since the Federal Judiciary Act of 1789, which provided that district courts should have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, "saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it."

[3] ID. — UNSEAWORTHINESS OF VESSEL — INJURY TO SEAMEN—JURISDICTION OF STATE COURT.—Prior to the enactment of the Merchant Marine Act the state courts had and exercised jurisdiction in actions for damages for personal injuries to seamen, based upon the alleged unseaworthiness of a vessel's appliances, and this being so, the state courts still have jurisdiction over such an action, and the seaman can at his election institute the action in the state court unless such jurisdiction has been divested by the adoption of the workmen's compensation provisions of our constitution and statutes, a question which is not decided.

[4] CONFLICT OF LAWS—INJURY TO SEAMEN—ACTION COMMENCED IN STATE COURT—STATUTE OF LIMITATIONS—MERCHANT MARINE ACT —FEDERAL EMPLOYER'S LIABILITY ACT.—Conceding for the sake of argument that the provision of the federal Employer's Liability Act fixing the period of time within which actions brought thereunder must be commenced at two years was incorporated by reference into the Merchant Marine Act and would be applicable when the action was brought in a federal court, the instant ac-

tion by a seaman for damages for personal injuries, based upon the unseaworthiness of a vessel's appliances, having been originally and rightfully, instituted in the state court, is governed and barred by the state statute of limitations, the complaint having been filed twenty-one months after the injury to the plaintiff which forms the basis of the action.

[5] ID.—STATUTE OF LIMITATIONS—LEX FORI—GENERAL RULE.—It is the general rule that the *lex fori*, i. e., the limitation statute of the jurisdiction where suit is brought, will govern and control with reference to the prescribed period of time within which a suit may be brought in that particular jurisdiction.

[6] ID.—EXCEPTION TO GENERAL RULE.—There is an exception to the general rule that the law of the forum controls, to the effect that when a statute which creates a new liability limits the time within which the right may be enforced, an action seeking to enforce such right can be maintained only within the time limited by the statute creating the right, regardless of the jurisdiction in which the action was instituted.

[7] ID.—BASIS OF EXCEPTION TO GENERAL RULE—STATUTE OF LIMITATIONS.—The exception to the general rule that the law of the forum governs is based upon the reasoning that when the liability and the remedy are created by the same statute, time is made of the essence of the right, and when the time prescribed by the statute has expired, the cause of action itself is extinguished. The lapse of time prescribed by the statute creating the new right having operated to extinguish the right, no right remains thereafter to support the action and consequently no action can be thereafter maintained in any jurisdiction. This reasoning applies only when the period prescribed by the statute creating the liability is shorter than the period provided by the law of the forum.

[8] ID. — STATUTE OF LIMITATIONS — EXCEPTION TO GENERAL RULE.— The exception to such general rule being based upon the theory of the extinguishment of a right by the lapse of time, if the time prescribed by the statute creating the right is longer than the time provided by the law of the forum, the action will not fall within the exception but will be governed by the general rule that the law of the forum—in the instant case, the state statute of limitations—will prevail.

---

(1) 1 C. J., p. 1254, sec. 24.   (2) 1 C. J., pp. 1253, 1254, sec. 24. (3) 1 C. J., p. 1254, sec. 24.   (4) 25 Cyc., p. 1023 (1926 Anno.). (5) 25 Cyc., p. 1018.   (6) 25 Cyc., p. 1021.   (7) 25 Cyc., p. 1021. (8) 25 Cyc., p. 1021.

---

5.  See 16 Cal. Jur. 111; 17 R. C. L. 697.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. W. Hutton for Appellant.

Farnham P. Griffiths, McCutchen, Olney, Mannon & Greene and J. B. McKeon for Respondents.

LENNON, J.—This is an appeal by the plaintiff from a judgment rendered and entered by the superior court in and for the city and county of San Francisco in favor of the defendants, based upon an order sustaining the demurrer of J. O. Davenport, one of the defendants, to the plaintiff's complaint. The action, which was instituted in the superior court of the city and county of San Francisco, was brought against J. O. Davenport and the other defendants jointly, as the owner and the operators of the steamship "Davenport." The complaint alleged in substance that the plaintiff had suffered injuries because of the unseaworthiness of the vessel's appliances and in this behalf alleged that the vessel was unseaworthy when she left San Francisco, her home port, for Hoquiam, Washington, by reason of a defective pelican hook which broke at Hoquiam, Washington, fracturing plaintiff's skull. For this injury plaintiff claimed damages in the sum of fifty thousand dollars. Said complaint was filed in said superior court on the eighteenth day of January, 1923, twenty-one months after the injury to the plaintiff which forms the basis of the action.

The defendant J. O. Davenport demurred upon two grounds: (1) that the complaint did not state facts sufficient to constitute a cause of action and (2) that the alleged cause of action was barred by the provisions of section 340, subdivision 3, of the California Code of Civil Procedure, which provides that actions based upon personal injury must be commenced within one year. It is apparent that if the state statute of limitations is applicable, the demurrer was properly sustained.

It is plaintiff's contention that the plaintiff's cause of action is brought under the provisions of the Merchant Marine Act of June 5, 1920 (41 Stats. at Large, 1007 [U. S. Comp. Stats., Ann. Supp. 1923, sec. 8337a]), which amended section 20 of the Seaman's Act of March 4, 1915 (38 Stats. at Large, 1164) ; that section 33 of the Merchant Marine Act incorporates therein by reference the federal Railway Employer's Liability Act of 1908 (35 Stats. at Large, 65) as amended in 1910 (36 Stats. at Large, 291 [U. S. Comp. Stats., sec. 8662]) ; that this last-mentioned act provides a two-year limitation for the commencement of actions brought under it; and that, therefore, such limitation applies to actions brought by seamen under the Merchant Marine Act (41 Stats. at Large, 988).

Section 33 of the Merchant Marine Act upon which plaintiff relies, reads as follows:

"Any seaman who shall suffer personal injury in the course of his employment, may, at his election maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. *Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.*"

Section 6 of the federal Employer's Liability Act, claimed by plaintiff to be incorporated by reference into the Merchant Marine Act, provides that, "No action shall be maintained under the act unless commenced within two years from the day the cause of action accrued. Under this Act an action may be brought in a circuit court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this Act, shall be concurrent with that of the courts

of the several States, and no case arising under this Act and brought in any state court of competent jurisdiction shall be removed to any court of the United States.''

It is the defendants' contention that, (1) if brought under section 33 of the Merchant Marine Act, the state court was without jurisdiction to entertain the action, and (2) whether brought under the Merchant Marine Act, as plaintiff contends, or under the general maritime law, as defendants contend, the one-year state statute of limitations is applicable.

In the former opinion rendered by this court it was held that if the action was brought under section 33 of the Merchant Marine Act the state court was without jurisdiction, and if brought under the general maritime law, the state statute of limitation was applicable, so that in either event the demurrer was properly sustained. The holding that the federal court had exclusive jurisdiction of all actions brought under section 33 of the Merchant Marine Act was based upon the theory that Congress plainly indicated an intention to vest exclusive jurisdiction of all cases arising under said section in a court in the district in which the defendant employer resided, by the provision of said section previously quoted, that ''Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.'' This theory was sustained by decisions of the supreme court of New York (*Nox* v. *United States Shipping Board Emergency Fleet Corporation,* 193 N. Y. Supp. 340; *Prieto* v. *United States Shipping Board Emergency Fleet Corporation,* 117 Misc. Rep. 703 [193 N. Y. Supp. 342]), and of the district court of Washington (*Wenzler* v. *Robin Line S. S. Co.,* 277 Fed. 812).

However, the supreme court of the United States in a very recent decision (*Panama Ry. Co.* v. *Johnson,* 264 U. S. 375 [68 L. Ed. 748, 44 Sup. Ct. Rep. 391]), held, in effect, that this provision of the Merchant Marine Act did not confer exclusive jurisdiction upon the particular district court of the district in which the defendant employer resides and thereby by implication divest all other courts previously having jurisdiction of such actions of jurisdiction, but merely defined the venue of an action instituted in a district court. The court in that case held that a complaint

having been filed in a district court of a district other than the one in which the defendant employer resided or had its principal office, and no objection having been made at the outset on a special appearance, any objection to the venue was waived by the general appearance and the court where the complaint was filed had jurisdiction. The court in this behalf said: "A reading of the provision now before us . . . makes it reasonably certain that the provision is not intended to affect the general jurisdiction of the District Courts . . . but only to prescribe the venue for actions brought under the new act of which it is a part." [1] It follows that if this provision merely defines the "venue" of an action, the theory that such provision conferred "jurisdiction" upon a particular court is no longer tenable. And in the absence of any other provision purporting to divest of jurisdiction those courts, both state and federal, which, prior to the enactment of the Merchant Marine Act, had jurisdiction of such actions, such jurisdiction may be presumed to continue.

[2] We are satisfied that the state courts have always had the right to enforce rights of action for personal injuries to seamen arising under maritime transactions, including those arising out of maritime torts, since the Federal Judiciary Act of 1789, which provided that district courts should have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, *"saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it."* (1 Stats. at Large, 73, 77; Judicial Code, secs. 24 and 256 [Comp. Stats., secs. 991 and 1233]; *The Hamilton,* 207 U. S. 398, 404 [52 L. Ed. 264, 28 Sup. Ct. Rep. 133]; *Steamboat Company* v. *Chase,* 83 U. S. (16 Wall.) 522, 534 [21 L. Ed. 369]; *Garcia y Leon* v. *Galceran,* 78 U. S. (11 Wall.) 185 [20 L. Ed. 74]; *Knapp, Stout & Co.* v. *McCaffrey,* 177 U. S. 638 [44 L. Ed. 921, 20 Sup. Ct. Rep. 824, see, also, Rose's U. S. Notes].) In enforcing a liability falling within the admiralty and maritime jurisdiction, the state court was, however, bound to apply the maritime law. (*Southern Pac. Co.* v. *Jensen,* 244 U. S. 205 [Ann. Cas. 1917E, 900, L. R. A. 1918C, 451, 61 L. Ed. 1086, 37 Sup. Ct. Rep. 524]; *Chelentis* v. *Luckenbach S. S. Co.,* 247 U. S. 372 [62 L. Ed. 1171, 38 Sup. Ct. Rep. 501].)

[3]   The present action is based, not upon negligence,
but upon the alleged unseaworthiness of the vessel "Daven-
port," by reason of a defective pelican hook, and there can
be no question but that the state courts, prior to the enact-
ment of the Merchant Marine Act, did have and did exercise
jurisdiction in such cases.   This was definitely decided in
the case of *Carlisle Packing Co.* v. *Sandanger,* 259 U. S. 255
[66 L. Ed. 927, 42 Sup. Ct. Rep. 475], and is, in fact, con-
ceded by the defendants.   This being so, it follows that the
state courts still have jurisdiction over such an action and
that the plaintiff could at his election institute the action
in the state court unless such jurisdiction has been divested
by the adoption of the workmen's compensation provisions
of our constitution and statutes, a question which we shall
not now undertake to decide.

It is the plaintiff's theory, as hereinbefore indicated, that
section 33 of the Merchant Marine Act incorporates therein,
by reference, the federal Railway Employer's Liability Act,
which latter act provides a two-year limitation for the com-
mencement of actions brought thereunder, and that, there-
fore, the two-year limitation for the commencement of
actions applies to this action irrespective of whether it was
commenced in a state or federal court.   In other words, it is
plaintiff's contention that the statute of limitation embodied
in the federal Employer's Liability Act applies to every
cause of action stated thereunder or under the Merchant
Marine Act regardless of the jurisdiction in which such
action is brought.   Plaintiff's theory that the federal Em-
ployer's Liability Act was incorporated by reference in the
Merchant Marine Act was upheld in the case of *Martin* v.
*United States Emergency Fleet Corporation,* a recent decision
of the United States district court of New York, rendered
June 6, 1924.   However, in the case of *Lorang* v. *Alaska
S. S. Co. et al.,* 298 Fed. 547, a recent decision of the United
States district court of Washington, rendered May 14, 1924,
this contention was expressly repudiated.

[4]   Conceding, however, for the sake of argument, that
the provision of the federal Employer's Liability Act (U. S.
Comp. Stats., secs. 8657–8665) fixing the period of time
within which actions brought thereunder must be com-
menced at two years was incorporated by reference into
the Merchant Marine Act and would be applicable when

the action was brought in a federal court, we are of the opinion that the instant action having been originally, and rightfully, instituted in the state court, is governed and barred by the state statute of limitations. [5] It is the general rule that the *lex fori*, i. e., the limitation statute of the jurisdiction where suit is brought, will govern and control with reference to the prescribed period of time within which a suit may be brought in that particular jurisdiction. Plaintiff, however, contends that when a time limit appears in a statute *creating* a right, that time limit is exclusive of all others. Plaintiff also insists that it is not essential that the limitation be incorporated in the same section or even in the same statute providing the limitation embodied in another statute is so specifically directed to the newly created liability as to warrant the conclusion that it qualifies the right.

[6] It is true that there is an exception to the general rule that the law of the forum controls to the effect that when a statute which creates a new liability limits the time within which the right may be enforced, an action seeking to enforce such right can be maintained only within the time limited by the statute creating the right, regardless of the jurisdiction in which the action was instituted. (*Davis* v. *Mills*, 194 U. S. 451, 454 [48 L. Ed. 1067, 24 Sup. Ct. Rep. 692]; *The Harrisburg*, 119 U. S. 199, 214 [30 L. Ed. 358, 7 Sup. Ct. Rep. 140, see, also, Rose's U. S. Notes]; *Vaught* v. *Virginia & Southwestern R. R.*, 132 Tenn. 679 [179 S. W. 314].) Such exception to the general rule is not, in our opinion, applicable to the instant case.

[7] The exception to the general rule that the law of the forum governs is based upon the reasoning that when the liability and the remedy are created by the same statute, time is made of the essence of the right, and when the time prescribed by the statute has expired, the cause of action itself is extinguished. The lapse of time prescribed by the statute creating the new right having operated to extinguish the right, no right remains thereafter to support the action and consequently no action can be thereafter maintained in *any* jurisdiction. Obviously this reasoning applies only when the period prescribed by the statute creating the liability is *shorter* than the period provided by the law of the forum. There is no logical reason why the doctrine that

the limitation prescribed by the statute of another jurisdiction, which creates a right of action, is a condition of the right of action so that the latter is extinguished when the time so prescribed has expired, and will not thereafter sustain an action anywhere, should exclude the operation of the general rule which refers the question of limitation to the law of the forum, if the period prescribed by the statute of the other jurisdiction creating the liability has not expired. (46 L. R. A. (N. S.) 687.) **[8]** The exception to the general rule being based upon the theory of the extinguishment of a right by the lapse of time, if the time prescribed by the statute creating the right is *longer* than the time provided by the law of the forum, such actions will not fall within the exception but will be governed by the general rule that the law of the forum—in the instant case, the state statute of limitations—will prevail. (*Weaver* v. *Baltimore & O. R. Co.*, 21 D. C. (10 Mackey) 499; *Hutchings* v. *Lamson*, 96 Fed. 720 [37 C. C. A. 564]; 2 Wharton on Conflict of Laws, 3d ed., sec. 540b, pp. 1264, 1265.) The reason for the exception ceasing to exist the exception itself ceases to exist.

The judgment is affirmed.

Seawell, J., Richards, J., Lawlor, J., Waste, J., Shenk, J., and Myers, C. J., concurred.

Rehearing denied.