[Civ. No. 26264.   Second Dist., Div. Two.   Dec. 3, 1962.]

ELIZABETH WILSON, Plaintiff and Appellant, v. LOCK-
HEED AIRCRAFT CORPORATION, Defendant and
Respondent.

Virgil V. Becker for Plaintiff and Appellant.

Kirtland & Packard and Judith O. Hollinger for Defendant
and Respondent.

FOX, P. J.—This is an action by plaintiff in her individual
capacity against defendants Lockheed Aircraft Corporation
and Braniff Airways Incorporated for the wrongful death of
her son, Vernon Olson. The trial court granted Lockheed's

motion for judgment on the pleadings and a judgment of dismissal was entered in due course. She has appealed.

On September 29, 1959, Vernon Olson was a passenger aboard a Braniff Airways plane, a Lockheed Electra, on a flight from Houston to Dallas, Texas. The airplane crashed and caused the death of Olson. Decedent left surviving his widow, Dorothy, and a minor child, Linda; also, his mother, the plaintiff. The mother filed this action on April 14, 1960.[1]

In deciding whether this action may be maintained by the mother, a preliminary inquiry must be made: Does California or Texas law apply in ascertaining her rights? In this connection it is conceded by counsel for plaintiff that had the accident and death occurred in California, plaintiff would have no cause of action under the laws of this state. In the agreed statement on appeal plaintiff states "she is relying exclusively upon the laws" of Texas as the basis for her right to recover.

In this position she is correct for it is the general rule that in an action for wrongful death, the law which governs is the law of the jurisdiction where the action for wrongful death arose, i.e. the place where the tort was committed, unless it is contrary to the public policy of this state.[2] (*McManus* v. *Red Salmon Canning Co.*, 37 Cal.App. 133, 136 [173 P. 1112] ; *Loranger* v. *Nadeau*, 215 Cal. 362, 366 [10 P.2d 63, 84 A.L.R. 1264] ; *Victor* v. *Sperry*, 163 Cal.App.2d 518, 523 [329 P.2d 728] ; *Grant* v. *McAuliffe*, 41 Cal.2d 859, 862 [264 P.2d 944, 42 A.L.R.2d 1162] ; Rest., Conflict of Laws, §§ 391-397.) She is "more particularly" relying on "the wrongful death statute of the State of Texas as set forth in articles 4671, et seq., Title 77, Vernon's Texas Statutes 1948."

We shall now examine the pertinent provisions of the Texas wrongful death statute (Title 77, art. 4671-4678). Article 4671 creates the action for wrongful death. Article 4675 goes to the very heart of plaintiff's right to maintain this action. It provides: "Actions for damage arising from death shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children, and parents of the person whose death has been caused or by either of them for

---

[1]Initially Mrs. Wilson had herself appointed guardian ad litem of Linda, and brought this action in her own behalf and as guardian ad litem of Linda. Mrs. Wilson's appointment as guardian of Linda was later vacated upon motion of her mother, Dorothy. So at the time Lockheed filed its notice of motion for judgment on the pleading, Mrs. Wilson, in her individual capacity, was the sole plaintiff.

[2]We find nothing in the wrongful death statute of Texas that is contrary to the public policy of this state.

the benefit of all. If none of said parties commence such action within three calendar months after the death of the deceased, the executor or administrator of the deceased shall commence and prosecute the action unless requested by all of such parties not to prosecute the same. . . .'' Article 4677 reads: ''The jury may give such damages as they think proportionate to the injury resulting from such death. The amount so recovered shall be divided among the persons entitled to the benefit of the action, or such of them as shall then be alive, in such shares as the jury shall find by their verdict.''

It is apparent from article 4675 that either the surviving spouse, the children or parents may bring such an action upon the conditions therein specified, viz., (1) that it shall be for the benefit of all parties there enumerated, and (2) that it is brought within three months after the death of the deceased, but if not brought within that time then the executor or administrator shall commence and prosecute the action unless all the parties who come within the article request such personal representative not to prosecute the action. The articles contemplate that all of the parties beneficially interested should be represented in the action. This is indicated by article 4677 which provides that the jury shall divide the recovery among the persons entitled thereto in such shares as the jury may determine. In order to simplify and expedite matters, the statute gives those beneficially interested three months to settle their claims or bring an action by some or all of them but ''for the benefit of all.'' This analysis finds support in *Dallas & Wichita R.R. Co.* v. *Spiker*, 59 Tex. 435, where the court held that an '' [a]ction by wife alone cannot be maintained where mother survives and her interest in the damages has not been adjusted.''

In this connection it is important to note that the conditions upon which the persons beneficially interested may bring such action is contained in the very article which confers the right. In fact, the requirement that the action must be ''for the benefit of all'' is at the end of the sentence that gives the right of action. The right to bring the suit within three months, else the personal representative steps in, appears in the very next sentence. It is thus apparent that these are conditions, upon the right to maintain the action for wrongful death, that the statute has created. That the time within which parties beneficially interested may bring the action is to be regarded as a condition is indicated by the fact that the right of action for wrongful death is not lost on the expiration of three

months. And to be entitled to file and prosecute such an action the plaintiff must bring herself within these conditions. ▓ Apposite here are sections 605 and 397, Restatement— Conflict of Laws. Section 605 states: "If by the law of the state which has created a right of action, it is made a condition of the right that it shall expire after a certain period of limitation has elapsed, no action begun after the period has elapsed can be maintained in any state." ▓ Section 397 provides: "A recovery under a death statute of the place of wrong cannot be had in any state after the time fixed in the statute for bringing an action has elapsed." Comment (a) under section 397 states: "The limit of time is regarded as a condition of the right, and no suit can be brought in any state after the right has ceased to exist." (See also 11 Cal.Jur.2d, Conflict of Laws, p. 194, § 93; *Engel* v. *Davenport,* 194 Cal. 344, 351 [228 P. 710].)

Applying these principles to the facts of the instant case it is clear that plaintiff is not entitled to maintain this action. Her son died on September 29, 1959; her complaint was not filed until April 14, 1960. This was far beyond the three months' period within which she was privileged to bring the action under the express provisions of the statute which created the right of action and gave her a beneficial interest in any recovery. (Title 77, art. 4671 and 4675, Vernon's Texas Statutes.)

Furthermore, at the time Lockheed made its motion for judgment on the pleadings, plaintiff was not seeking to recover damages "for the benefit of all" who had a beneficial interest therein. She was no longer guardian ad litem of her granddaughter Linda and had no authority to represent her. Plaintiff was simply attempting to maintain this action in her individual capacity. This plainly she was not entitled to do under the statute creating the right. She is bound by the conditions specified in the statute and has failed to comply with them.

The case of *Colgate-Palmolive-Peet Co.* v. *Perkins* (Tex. Civ.App.) 48 S.W.2d 1007, relied on heavily by plaintiff does not, in fact, support her position because there one of the parties in the designated class did commence an action within the three months period prescribed by the statute.

Although plaintiff says in the stipulated statement on appeal that she is relying "particularly" on the wrongful death statute embodied in articles 4671, et seq., Title 77, Vernon's Statutes, 1948, she attempts, in her reply brief, to

extend the rights there created by invoking the Texas general statutes of limitation as embodied in articles 5525, 5526 and 5538, Title 91 of Vernon's Statutes. These general statutes are of no assistance to plaintiff for the conditions which plaintiff failed to comply with are a part of the statute creating the right which she seeks to enforce. These general statutes cannot excuse her from complying with these conditions nor extend her time for such compliance.

Affirmed.

Ashburn, J., and Herndon, J., concurred.