[Civ. No. 28578. Second Dist., Div. Two. Oct. 29, 1965.]

DOROTHY OLSEN et al., Defendants, Cross-complainants and Appellants, v. LOCKHEED AIRCRAFT CORPORATION et al., Defendants, Cross-defendants and Respondents.

Lind & Schmitz and Allan H. Lind for Defendants, Cross-complainants and Appellants.

Kirtland & Packard, Crider, Tilson & Ruppé and Judith O. Hollinger for Defendants, Cross-defendants and Respondents.

ROTH, P. J.—On April 14, 1960, Elizabeth Wilson filed suit against respondents Braniff Airways, Incorporated (Braniff) and Lockheed Aircraft Corporation (Lockheed) for the wrongful death of her son, Vernon Olsen, who was a passenger aboard a Braniff airplane, built by Lockheed, which crashed in Texas on September 29, 1959. Mrs. Dorothy Olsen, appellant herein, wife of the deceased, was joined as a defendant because she allegedly would not participate in the suit. Mrs. Olsen denied this allegation and cross-complained in her individual capacity and as guardian ad litem for Linda Olsen, daughter of the deceased, against the respondents for damages for wrongful death.

Elizabeth Wilson was subsequently removed from the case by this court's decision in *Wilson* v. *Lockheed Aircraft Corp.*, 210 Cal.App.2d 451 [26 Cal.Rptr. 626], holding that the Texas wrongful death statute applied to the case and that under that law Elizabeth Wilson could not sue.[1]

After a period of extensive depositions, Mrs. Olsen amended her cross-complaint to include a new defendant, General Motors,[2] and an additional cause of action for breach of warranty. Respondents answered the first amended cross-complaint, then, upon succeeding in the *Wilson* appeal, moved for judgment on the pleadings. The basis of this motion was that Mrs. Olsen could not sue in her individual capacity, citing *Wilson* v. *Lockheed Aircraft Corp.*, *supra*.

Before the court could rule on that motion, Mrs. Olsen filed a "Notice of Motion to Amend Complaint" and a proposed "Second Amended Complaint" in which she sued as administratrix of the estate of Vernon Olsen.

On September 10, 1963, the court granted both motions, and on November 5 and 6, 1963, entered judgments for the cross-defendants on the amended cross-complaint.

On October 25, respondents demurred to the second amended cross-complaint on the ground that it was a new and original complaint, not an amendment, and was therefore barred by the statute of limitations. This demurrer was sustained with-

[1]The Texas wrongful death statute requires heirs to file suit within three months of the death, and for the benefit of all heirs. Beyond that three months' period only the administrator or executor of the estate may sue.

[2]This cross-defendant is not a party to this appeal.

out leave to amend, and Mrs. Olsen was given leave to file a new complaint on behalf of the minor Linda Olsen. A "Supplement" to the second amended cross-complaint was filed on October 1, 1963, on behalf of the minor and was ordered withdrawn.

Mrs. Olsen appeals from the judgment following the sustaining of the demurrer, and apparently also from the order requiring withdrawal of the minor's supplemental complaint.

The demurrer to the second amended cross-complaint was sustained on the basis of the statute of limitations. The parties to this appeal indulge in much argument about whether the Texas or California statute of limitation applies. It is apparent, however, that we need not decide that issue. The death of Vernon Olsen occurred on September 29, 1959; Mrs. Olsen filed her original cross-complaint on July 11, 1960, approximately nine months later; the so-called second amended complaint was filed as of September 10, 1963, nearly four years later. The Texas statute of limitations is two years (Vernon Texas Civ. Stats., art. 5526, subd. (7);) while the California statute is one year (Cal. Code of Civ. Proc., § 340, subd. 3). If the second amended cross-complaint is in reality a new and original complaint, it is barred by both statutes; if it is only an amendment which relates back to the date of the original cross-complaint, it is barred by neither.

*Wilson* v. *Lockheed Aircraft Corp., supra,* decided only that the cause of action for wrongful death arose under Texas law, and that the restrictions on the parties and time of suit embodied in the Texas wrongful death statute were conditions to that cause of action.

In the case at bench the issues are whether the rules applicable to amendments of pleadings are such as to permit a substitution of parties without changing the cause of action, the effect of a judgment on the amended pleading making such a substitution, and in addition, the propriety of a judgment of dismissal against Mrs. Olsen entered on an order sustaining a demurrer without leave to amend. These questions are procedural matters, and, as such, are governed by the law of this forum. (Goodrich, Conflict of Laws, 4th ed., p. 144; Rest., Conflict of Laws, 708.)

Respondents' basic contention that the second amended pleading was in fact not an amendment at all, but was a new pleading, is based first on the constant reference by Mrs. Olsen to her second amended "Complaint". This, apparently, was merely a matter of mislabeling. Her first amended cross-complaint was the only pleading she could have been amend-

ing for the second time, since she appeared in the action originally brought by Elizabeth Wilson by way of cross-complaint. The second amended ''Complaint'' reiterates all the allegations of the first amended cross-complaint, changing only the capacity in which she sued in order to comply with the Texas law.

The minute order of September 10, 1963, granted her motion to amend, and in doing so, adopted her mistaken language. Nevertheless, it is clear that Mrs. Olsen was allowed to file a second amended cross-complaint, and was not ordered by the court to file a new pleading.

 California allows great liberality in the amendment of pleadings, particularly when the only change is a substitution of parties without alteration of the substantive grounds of the suit. (*Austin* v. *Massachusetts Bonding & Insur. Co.*, 56 Cal.2d 596, 601 [15 Cal.Rptr. 817, 364 P.2d 681]; *California Gasoline Retailers* v. *Regal Petroleum Corp. of Fresno, Inc.*, 50 Cal.2d 844, 851 [330 P.2d 778]; Code Civ. Proc., § 473.) A plaintiff may amend his complaint to sue in his representative rather than individual capacity without stating a new cause of action (*Reardon* v. *Balaklala Consol. Copper Co.*, 193 F. 189 cited with approval in *Thompson* v. *Palmer Corp.*, 138 Cal.App.2d 387, 391, fn. [291 P.2d 995]).

In *Reardon, supra,* the court stated at page 191; ''It should be borne in mind . . . that the substantive cause of action counted on in the amended complaint has not been changed. It remains precisely the same as that stated in the original pleading. No new facts are alleged as a ground of recovery, the only change being in the name of the plaintiff and the capacity in which he sues . . . . This being so, the change effected by the amendment is obviously in no just sense the bringing of a new action. It is one of form rather than of substance, and in the interests of justice is to be treated as such, rather than to adopt a view which would result in an irretrievable bar to all remedy. Under the modern doctrine, the discretionary power of the court to such end is to be liberally exerted in favor of, rather than against, the disposition of a case upon its merits . . . .''

 The trial court properly allowed the amendment.

Respondents urge that the granting of the judgment on the pleadings on the first amended cross-complaint in effect terminated the suit against them, and therefore, Mrs. Olsen's second amended cross-complaint was of necessity an original complaint. The record does not nor does the law support this contention.

■ A motion for judgment on the pleadings is in effect a substitute for a general demurrer. (*MacIsaac* v. *Pozzo*, 26 Cal.2d 809, 812-813 [161 P.2d 449]; *Cohn* v. *Klein*, 209 Cal. 421, 424 [287 P. 459]; see also 2 Witkin, Cal. Procedure (1954) p. 1704.) If respondents had generally demurred, the court would have been bound to sustain them. However, since the defect was only technical, this defect was obviously curable and the court in the exercise of a proper discretion would have been obliged to grant leave to amend. (See *Bice* v. *Stevens*, 136 Cal.App.2d 368, 378-379 [289 P.2d 95].) The fact that respondents choose to answer in an effort to improve their tactical position, so as to permit the making of a motion for judgment on the pleadings does not change the obvious facts as disclosed by the record. ■ If a pleading is defective but amendable, judgment on the pleadings should be granted but with leave to amend. (*MacIsaac* v. *Pozzo, supra,* 26 Cal.2d 809, 815-816; *Hardy* v. *Admiral Oil Co.*, 56 Cal.2d 836, 841-842 [16 Cal.Rptr. 894, 366 P.2d 310].) The minute order of September 10 made by the trial court conforms to that rule.

However, the trial court, after making the minute order of September 10, entered final judgments of dismissal on the motion for judgment on the pleadings and on the demurrer which it sustained without leave. It is on these judgments that respondents rely.

■ It is clear that if a motion for judgment on the pleadings is to be treated tactically as though it were a general demurrer, a judgment entered after sustaining such a motion but with leave to amend cannot serve to terminate the suit and render an appropriate amendment a new and original pleading. Mrs. Olsen had a right to amend her first amended cross-complaint and the court gave her leave to do so. Whatever the intended effect of the judgments entered by the court, they could not transform her amended pleading into an original complaint in a new action.

■ We hold therefore that Mrs. Olsen's ''Second Amended Complaint'' was a proper amendment to her original cross-complaint. Since ''proper amendments to the original complaint relate back to the date of filing of the original complaint and are not barred by the statute of limitations, even though the amendments are made subsequent to the date upon which the statute would otherwise have run'' (*Barr* v. *Carroll*, 128 Cal.App.2d 23, 27 [274 P.2d 717]), the general demurrer to her second amended cross-complaint should not have been sustained.

There is no reason to discuss the minor's so-called ''supplemental complaint'' and the trial court's disposition thereof.

■ Linda Olsen's cause of action is well-protected by inclusion in the second amended cross-complaint which is filed for the benefit of all heirs. There is no need for the guardian to file additional pleadings.

The judgments are reversed with directions to overrule respondents' demurrer and proceed upon appellant's second amended cross-complaint.

Herndon, J., and Fleming, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 12, 1966.