Filed 11/14/23 Whitney v. City of Oakland CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RANDALL WHITNEY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF OAKLAND,<br><br>    Defendant and Respondent. | A163510<br><br>(Alameda County<br>Super. Ct. No. RG14745452) |

In this action, Randall Whitney filed a petition for writ of mandate seeking to overturn the decision by the City of Oakland (the City) to issue certificates of compliance[1] for four parcels of real property owned at that time by the Pacific Thomas Corporation. The trial court sustained the City's demurrer without leave to amend and dismissed the petition with prejudice. On appeal, Whitney contends that the trial court erred in concluding that he was not a "party beneficially interested" within the meaning of Code of Civil Procedure[2] section 1085, so that he lacked standing to prosecute the writ. We find no error and affirm the order dismissing the petition.

---

[1] A certificate of compliance is a document from the city stating that the title deeds and parcel maps comply with the Subdivision Map Act.

[2] All statutory references are to the Code of Civil Procedure unless otherwise noted.

## Background

Whitney was formerly the president of the Pacific Thomas Corporation. On August 6, 2012, the Pacific Thomas Corporation filed a voluntary Chapter 11 bankruptcy petition in the U.S. District Court for the Northern District of California. On January 8, 2013, the bankruptcy court appointed a Chapter 11 trustee (the Trustee) to manage the bankruptcy estate.

On March 31, 2014, the Trustee applied to the City for the certificates of compliance for four properties contained in the bankruptcy estate. The City issued the certificates on September 22, 2014, and they were recorded with the County of Alameda on October 13, 2014.

On October 22, 2014, Whitney filed the present action challenging the City's issuance of the certificates. Whitney's petition alleged that the certificates contain "multiple errors and omissions," that they are inconsistent with state and local law, and that they were issued by a person without legal authority to do so. Shortly thereafter, Whitney recorded notices of pending action (lis pendens) as to each of the four subject parcels.

In November 2014, the bankruptcy court granted a motion brought by the Trustee to declare the lis pendens notices void and instructed Whitney to expunge the notices. The bankruptcy court explained that by filing this mandamus action, Whitney violated the automatic bankruptcy stay and improperly attempted to assert control over the properties.

In January 2015, the trial court stayed the present action pending resolution of the bankruptcy proceedings.

In the meantime, on August 18, 2014, the bankruptcy court authorized the sale of three of the relevant parcels for $12,950,000 to a third party. On February 18, 2015, the bankruptcy court authorized the sale of the fourth parcel to a third party for $335,000. In a report submitted to the bankruptcy

2

court in July 2017, the Trustee confirmed that the parcels were sold according to the terms authorized by the bankruptcy judge.

On May 6, 2021, the trial court lifted the stay in the present action for the limited purpose of permitting the City to file its demurrer. The court sustained the City's demurrer without leave to amend, finding that Whitney lacks standing to bring the claims he asserts in his petition. In the same order, the court dismissed the petition with prejudice.

Whitney timely filed a notice of appeal.

## Discussion

Whitney contends the trial court erred by sustaining the City's demurrer based on his lack of standing. We find no error.

"Standing to sue goes to the existence of a cause of action; that is, whether a plaintiff (or a petitioner) has a right to relief in court. [Citations.] A demurrer can be used to challenge standing." (*Sacramento County Fire Protection Dist. v. Sacramento County Assessment Appeals Bd.* (1999) 75 Cal.App.4th 327, 331.)

"In determining the merits of a demurrer, all material facts pleaded in the complaint and those that arise by reasonable implication, but not conclusions of fact or law, are deemed admitted by the demurring party. [Citations.] The complaint must be construed liberally by drawing reasonable inferences from the facts pleaded. [Citation.] [¶] In addition to the facts actually pleaded, the court considers facts of which it may or must take judicial notice. [Citation.] Moreover, a party may not avoid demurrer . . . 'by suppressing facts which prove the pleaded facts false. [Citation.]' [Citation.] Inasmuch as ' " 'the principle is that of truthful pleading,' " ' the court also will consider such facts." (*Rodas v. Spiegel* (2001) 87 Cal.App.4th 513, 517; *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 751–752

3

["allegations in the pleading may be disregarded if they are contrary to facts judicially noticed"].) "As we are reviewing a sustained demurrer, and as standing is a purely legal question, we review these issues de novo." (*People for Ethical Operation of Prosecutors etc. v. Spitzer* (2020) 53 Cal.App.5th 391, 398.)

Whitney contends the trial court erred in concluding that he lacked standing to prosecute the writ. He argues that he has standing as the holder of "non[-]exclusive easements" on the relevant property. Alternatively, he argues that he has standing as a taxpayer and under the "public interest standing exception."

Before reaching the merits of Whitney's arguments, we briefly address his contention that the trial court erred by "issuing decision without reviewing a complete administrative record required by statute." As noted by the City, Whitney's opening brief contains no argument supporting this contention. In his reply brief, Whitney asserts only that he was entitled to an administrative record and that "the lower Court would have been limited to only those facts contained and set forth within the Administrative Record when conducting any judicial review, especially a review on demur [sic]." Although this issue might be deemed forfeited by Whitney's failure to provide argument in his opening brief, we note that Whitney's argument is simply wrong. Whitney confuses the import of an administrative record when the writ petition challenges a quasi-legislative action and a quasi-adjudicative action. "When quasi-legislative action is reviewed under [] section 1085, the record on review is *closed* — i.e., the court can examine *only materials in the administrative record*." (Asimow et al., Cal. Practice Guide: Administrative Law (The Rutter Group 2022) ¶ 20:30, citing *Western States Petroleum Assn v. Superior Court* (1995) 9 Cal.4th 559, 574–575.) The issuance of the

4

certificates of compliance relevant to this matter, however, is a ministerial or informal adjudicatory decision subject to review under section 1085. (*Id.* at § 20:65 ["if no statute or other source of law required the agency to conduct an evidentiary hearing, the proceeding is considered to be 'informal,' and the adjudicatory decision is reviewed [] under section 1085"].) In such cases, the parties can introduce evidence outside the administrative record because there is often little or no administrative record. (*Ibid.*, citing *Western States Petroleum Assn v. Superior Court, supra*, 9 Cal.4th at pp. 575–576.) Accordingly, Whitney fails to demonstrate that he was prejudiced by the absence of an administrative record in this instance and the court's consideration of evidence introduced by the parties was appropriate.

A. *Beneficial Interest*

Ordinarily, a petitioner seeking a writ of mandate must show that they are beneficially interested in the outcome. (*Sacramento County Fire Protection Dist. v. Sacramento County Assessment Appeals Bd., supra,* 75 Cal.App.4th 327, 331]; § 1086 [writ of mandate " 'must be issued upon the verified petition of the party beneficially interested.' "]; *Brown v. Crandall* (2011) 198 Cal.App.4th 1, 8 [section 1085 establishes a standing requirement for writs of mandate].) " 'The requirement that a petitioner be "beneficially interested" has been generally interpreted to mean that one may obtain the writ only if the person has some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large.' [Citation.] 'The beneficial interest must be direct and substantial.' [Citation.] This standard 'is equivalent to the federal "injury in fact" test, which requires a party to prove by a preponderance of the evidence that it has suffered "an invasion of a legally protected interest that is '(a) concrete and particularized, and (b) actual or

imminent, not conjectural or hypothetical.' " ' [Citation.] A petitioner has no beneficial interest within the meaning of the statute if he or she 'will gain no direct benefit from [the writ's] issuance and suffer no direct detriment if it is denied.' " (*SJJC Aviation Services, LLC v. City of San Jose* (2017) 12 Cal.App.5th 1043, 1053.)[3]

Whitney fails to allege, in the court below or on appeal, how he has any beneficial interest in Pacific Thomas Corporation, or in anything affected by allegedly incorrect certificates of compliance issued by the City regarding four parcels of property whose ownership was assigned to the bankruptcy Trustee.

   a.    *The trial court did not err in sustaining the City's demurrer without leave to amend based on* Whitney's *lack of beneficial interest.*

In sustaining the demurrer, the trial court found that the Trustee of the bankruptcy estate was the only party beneficially interested in the properties. As the court explained, "When Pacific Thomas Corporation filed for bankruptcy a bankruptcy trust was created, which held all legal or equitable interests of the debtor in the property. (11 U.S.C. [§ 301]; *Raczynski v. Judge* (1986) 186 Cal.App.3d 504, 511.) [W]hen the [t]rustee was appointed, the trusts assumed all control of the business and the interests in the estate were turned over to the trustee. (*Commodity Futures Trading Comm'n v. Weintra[ub]* (1985) 471 U.S. 343, 351–353; 11 U.S.C. § 541(a)(1))" As discussed *post,* the trial court correctly found that Whitney is not a party beneficially interested.

Whitney's petition alleged that he is beneficially interested "because he is an equity stakeholder, secured creditor guarantor and debtor

---

[3] Whitney's citation to standing requirements under the California Environmental Quality Act (CEQA), Public Utilities Code Section 21000 et seq. is misplaced. This is not a CEQA case, and the authority cited is not relevant.

representative of Pacific Thomas Corporation . . . ." The trial court found that this allegation was conclusory and contradicted by judicially noticed facts. We agree.

In support of the demurrer, the City requested, and the court granted judicial notice of several documents including the schedule attached to the bankruptcy petition listing the property in the bankruptcy estate and establishing sole ownership of the properties by Pacific Thomas Corporation and the certificates of compliance, which include the title history of the properties and confirmed Pacific Thomas Corporation as the sole owner. The bankruptcy court's order appointing the Trustee establishes that the Trustee, not Whitney, is the proper representative of the Pacific Thomas Corporation.[4] The record supports the trial court's finding that Whitney's claims to be an " 'equity stakeholder' " and the debtor representative of Pacific Thomas Corporation are indisputably false.

Whitney's allegation that he has standing as a "secured creditor guarantor" fails because he has never defined what a "secured creditor guarantor" is, described what his specific interest as a secured creditor guarantor might be, or explained how such an interest could exist outside of the bankruptcy trust, which, pursuant to 11 U.S.C. sections 301 and 541,

---

[4] Although not binding on this court, we note that many of Whitney's claims have been expressly rejected in the bankruptcy proceeding. In denying Whitney's motion for relief from the contempt order filed after he violated the bankruptcy stay by filing the present action, the court noted that "Whitney did not have the right to file the Mandamus Action in October 2014 on behalf of Pacific; that right belonged to Trustee as the estate's representative." (*In re Pacific Thomas Corp.*, (Bankr. 9th Cir. 2017) 2017 Bankr. LEXIS 2168, at *10–11.)

holds all legal or equitable interests in the Pacific Thomas Corporation.[5] His allegation that "the titles to the properties of Pacific Thomas Corporation are being compromised by issuance of defective Certificates of Compliance rendering him potentially liable for the costs and expenses of title actions arising from reliance upon the accuracy of the [c]ertificates" is merely a conclusion that does not explain how he could be liable in title actions against properties whose liabilities are legally assigned to the Trustee. Thus, we agree with the trial court that Whitney's claim to have standing as a " 'secured creditor guarantor' " was conclusory and that Whitney had not alleged facts demonstrating the basis of this claim.

Even if we assume that Whitney literally means that he, as a "secured creditor guarantor," is a guarantor for claims that secured creditors may have against Pacific Thomas Corporation, Whitney must allege more than the conclusory assertion that he is beneficially interested because he is a guarantor for the debtor. (*Southern California Gas Leak Cases* (2019) 7 Cal.5th 391, 395 [in ruling on a demurrer, courts do not "take as true . . . conclusions of fact or law"].) Section 2793 of the Civil Code requires that a guarantee agreement be in writing. Thus, Whitney's allegation that he is a guarantor, if taken at face value, must describe the material terms of the guarantee or attach a copy of the guarantee, like any other cause of action based on a written agreement. (See *Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 307 [to survive a demurrer, a cause of action based on written contract must allege the material terms of the contract or incorporate the contract as an exhibit]; *Careau & Co. v. Security Pacific Business Credit,*

---

[5] We note that we have found no published decision in California or the federal courts referring to describing or defining a "secured creditor guarantor."

8

*Inc.* (1990) 222 Cal.App.3d 1371, 1390, allegations that conditions for enforcement of contract " 'had been met and satisfied' " were "simply general conclusions" and not sufficient to withstand demurrer].) Whitney's petition did not allege any facts establishing the existence of a guarantee or describing the material terms of the guarantee, nor did it incorporate the guarantee as an exhibit. Accordingly, the trial court correctly determined that the allegation was conclusory.

Whitney did not argue in the trial court that his petition could be amended to cure the above defects and he has not done so on appeal. Accordingly, the trial court did not abuse its discretion in denying Whitney leave to amend because he did not meet his burden to show a reasonable possibility the complaint can be amended to establish his beneficial interest as a "secured creditor guarantor."

> b. *Whitney has not met his burden on appeal to show that he can amend his complaint to allege facts sufficient to establish a beneficial interest.*

On appeal, Whitney argues that he is beneficially interested in the litigation not only for the reasons originally alleged in his petition for mandamus but because he holds a non-exclusive easement on the properties that was compromised by the issuance of the certificates. In response, the City argues that Whitney "did not allege anything pertaining to these purported easement rights in his petition" and that the easements were raised for the first time in his opposition to the demurrer. The City argues further that, in any event, Whitney "has not provided any evidence concerning the nature of his purported easement rights, how those rights were allegedly extinguished by issuance of the certificates of compliance, and how, as a practical matter, he has been prevented from using his purported easements."

Because these allegations were not contained in the petition or in any judicially noticed materials, the question is whether Whitney has established that he is entitled to amend the petition to allege this alternative standing theory. We conclude that he is not.

When a demurrer is sustained, "the plaintiff must be given leave to amend his . . . complaint when there is a reasonable possibility that the defect can be cured by amendment." (*Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 95, disapproved on other ground in *Ramos v. Brenntag Specialties, Inc.* (2016) 63 Cal.4th 500, 509.) " 'To satisfy his burden on appeal, a plaintiff "must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." [Citation.] The assertion of an abstract right to amend does not satisfy this burden.' [Citation.]" (*Id.* at p. 95.)

Whitney claims to hold "adjacent, contiguous real property easement rights within each of the designated parcels . . . ." In the trial court, he submitted a declaration in opposition to the demurrer in which he claimed to have acquired an ownership interest in an overhead communications wire easement on one of the parcels. His declaration reads: "Attached as Exhibit A is a true and correct copy of Title report issued by Chicago title on October 3, 2014, . . . which cites to the easement overheard [sic] communications wireline, recorded 6/28/1994 under County of Alameda instrument no. 94-237217. Said easement was subsequently acquired by myself and Level 3 executive, Mr[.] Zhao Guobin, as an individual." Whitney attaches an undated document to his declaration showing that the easement was granted to the Union Pacific Railroad Company. The document contains a preliminary title report with an "effective date" of October 3, 2014 as well as a drawing of the parcels, dated October 31, 2014, depicting, among other things, the

communications easement was owned by the railroad. The trial court confirmed receipt of Whitney's declaration but denied leave to amend on the ground that Whitney had failed to meet his burden of showing how the petition could be amended to establish standing.

The dispositive issue is timing. Whitney must be able to allege, at a minimum, that he had standing as of the time he filed his petition on October 22, 2014. While a petitioner may be granted leave to amend a petition, the allegation must describe a beneficial interest that existed at the time the petition was filed. Whitney cannot manufacture standing using post-filing events. (§ 1086 [writ "must be issued upon the verified petition of the party beneficially interested"]; *Medical Board. v. Superior Court* (2001) 88 Cal.App.4th 1001, 1008 [standing measured at the commencement of the writ proceeding]; 1 Schwing, Cal. Affirmative Def. (2d ed. 2023) § 19:4 ["The existence of standing is determined by the facts as they exist at the time of the filing of the original complaint"]; *Coral Construction, Inc. v. City & County of San Francisco* (2004) 116 Cal.App.4th 6, 12, fn 6 ["a defect in standing cannot be cured by postfiling events"]; see also *Coats v. K-Mart Corp.* (1989) 215 Cal.App.3d 961, 967 [plaintiff's subsequent appointment as administratrix of son's estate does not "relate[] back" for purposes of the statute of limitations to confer standing on plaintiff when she knew she lacked standing when suit initially was filed].) Whitney's assertion that he "subsequently purchased" the railroad's interest in the communication easement sometime after October 3, 2014, the "effective date" of the preliminary title report, does not establish that he had an interest in the properties at the time he filed the petition on October 22, 2014. While it is theoretically possible that he purchased an interest in the easements between October 3 (the effective date of the preliminary title report) and

October 22 (the date Whitney's petition was filed), any such assertion would be inconsistent with the drawing contained in the title report he himself submitted showing the Union Pacific Railroad as the owner of the easement as of October 31, 2014. Accordingly, Whitney's ambiguous assertion that he "subsequently purchased" the interest is insufficient to cure the defect here. Given that his own document indicates that the easement on the parcels was owned by Union Pacific as of October 31, 2014, it does not appear that Whitney can amend his complaint to allege that he purchased rights to the easement prior to the filing of his complaint on October 22, 2014.

At oral argument, Whitney argued that he was beneficially interested as an "adjacent landowner." It is unclear whether Whitney was asserting a new basis for standing as the owner of an adjacent property or merely reasserting his claim that he holds easements rights through adjacent properties. Despite being pressed on whether he could proffer a proposed amendment that would include specific facts to establish standing, such as the identification of the adjacent property, he failed to do so. [6] Instead, he merely asserted an abstract right to amend. As noted above, that is not sufficient. (*Maxton v. Western States Metals, supra,* 203 Cal.App.4th at p. 95.)

Finally, we reject Whitney's assertion that the court erred "by not ruling on [his] Request for Judicial Notice filed concurrently with Opposition

---

[6] This lack of specificity is not new. Whitney has never identified what "adjacent" property he owns in this record. In 2017, the bankruptcy court observed, "While Whitney contended at the stay relief hearing that the erroneous Certificates negatively impacted adjacent property he owns, he never established before the bankruptcy court what that property is, whether he actually owns it and what 'impact' the Certificates have had regarding this adjacent property." (*In re Pacific Thomas Corp.*, *supra*, 2017 Bankr. LEXIS 2168, at *4.)

12

to the Demurrer including the essential evidence to substantiate standing." Whitney's request sought judicial notice of the notice of appeal he filed with the County of Alameda challenging the issuance of the certificates of compliance which merely reasserts Whitney's claim that he has an interest in the appeal as "an equity stakeholder, secured creditor guarantor and debtor representative" of Pacific Thomas Corporation. Accordingly, Whitney cannot establish that any possible error in the court's failure to rule on his request for judicial notice was prejudicial.

B. *Public Interest Exception*

A petitioner may be relieved of the ordinary beneficial-interest requirement for standing if they can show that "the question is one of public right and the object of the mandamus is to procure the enforcement of a public duty." (*Sacramento County Fire Protection Dist. v. Sacramento County Assessment Appeals Board, supra*, 75 Cal.App.4th at p. 333.) In such a case, the petitioner "is interested as a citizen in having the laws executed and the duty in question enforced." (*Ibid.*)

Whitney argues, for the first time on appeal, that the public interest exception applies because he "holds a public right to appeal an administrative hearing decision under Chapter 17 Oakland Municipal Code" and because "all public citizens of Oakland are entitled to agency executive staff to adhere to duties inherent within the job and follow the municipal code." He fails, however, to identify any public interest in the accuracy of the certificates of compliance challenged in this case. Moreover, any inaccuracy in the certificate can be remedied, if necessary, by the bankruptcy Trustee and the current property owners. (See *Sacramento County Fire Protection Dist. v. Sacramento County Assessment Appeals Bd.*, *supra*, 75 Cal.App.4th at p. 334 [rejecting application of the public interest exception where others who are

13

beneficially interested can challenge agency's action so that the matter will not be removed from judicial review if standing is denied].) In any event, it is clear that Whitney is motivated entirely by self-interest. (See *SJJC Aviation Services, LLC v. City of San Jose, supra,* 12 Cal.App.5th at p. 1057, ["[W]here the claim of 'citizen' or 'public interest' standing is driven by personal objectives rather than 'broader public concerns,' a court may find the litigant to lack such standing"].) Accordingly, the public interest exception is not applicable.

C. *Taxpayer Standing*

Section 526a authorizes a taxpayer to bring an action "to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to" public funds or property. Whitney contends he "is entitled to citizen taxpayer standing . . . to procure enforcement of a public duty taxpayer right to enjoin waste of public funds." The trial court correctly held, however, that Whitney's challenge to the City's issuance of the certificates of compliance has nothing to do with preventing the wrongful expenditure or waste of the funds of any local agency.

D. *Conclusion*

The trial court properly concluded that Whitney lacked standing to prosecute the writ. Whitney has not demonstrated that this deficiency can be cured by amendment. Accordingly, the trial court did not err in sustaining the City's demurrer without leave to amend.

**Disposition**

The order dismissing the petition is affirmed.

HIRAMOTO, J.*

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

*Whitney v. City of Oakland* (A163510)

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.